McMORRAN v. HALL.[1]

CONTRACTS—CONSTRUCTION—RENTAL OF PERSONAL PROPERTY.
  Where defendant contracted to pay plaintiff a specified sum
    per month for the use of certain chattels from the time they
    were taken until they should be returned, and the contract
    further provided that the property should be returned by a
    certain date, defendant was liable for the stipulated rental
    until the property was returned, and not merely for rent up
    to the time fixed for return, with damages for the failure to
    return at that time; and this notwithstanding the total rental
    far exceeded the value of the chattels.

Error to Wayne; Hosmer, J.   Submitted February 13,
1901.   Decided May 7, 1901.

Assumpsit by Henry McMorran against Edmund Hall
for the rental of certain chattels.   From a judgment for
plaintiff, defendant brings error.   Affirmed.

Tarsney, Hayes, Lawson & Fitzpatrick, for appel-
lant.

F. H. & G. L. Canfield, for appellee.

HOOKER, J.   The following statement of facts taken
from defendant's brief shows the nature of this contro-
versy:

"The evidence in this case discloses that in the year
1898 one Reid was engaged in the work of attempting
to rescue the sunken steamer Cayuga in Lake Michigan.
The plaintiff was the owner of pontoons and appliances
used in the wrecking business.   The defendant was con-
nected with Reid in the undertaking, and on the 10th of
August, 1898, a written contract for the hire of certain
of plaintiff's wrecking outfit was made and entered into
between the plaintiff and the defendant.   The pontoons
referred to in the contract were not received or used

---

[1] Rehearing denied June 24, 1901.

by the defendant, but certain chain was received, and was kept and retained by the defendant beyond the time limited in the contract for the return thereof, and was not in fact returned to the plaintiff until a short time before the trial of this cause. The plaintiff counts upon the contract, and claims to be entitled to the contract rate of three-quarters of a cent per pound per month during all the time that elapsed from the receipt of said chain by the defendant until the commencement of this suit. The claim in the aggregate is more than twice the actual value of all the chain received by the defendant. The claim is an extraordinary one, in view of the total amount of rental as claimed by the plaintiff, when compared with the value of the property.

"The contention of the defendant is that he is liable to the plaintiff at the contract rate of three-quarters of a cent per pound per month from the time the chain was received by him to and including the 1st day of December, A. D. 1898, and that no other or further recovery can be had in this action for the use of said chain. The defendant concedes that the plaintiff is entitled to recover $1,145.81, with interest thereon from December 1, 1898; while the plaintiff claims that he is entitled to recver $4,922.80."

The contract is in writing, as follows:

"This agreement made and entered into this 10th day of August, A. D. 1898, by and between Henry McMorran, party of the first part, and Edmund Hall, of Detroit, party of the second part, *Witnesseth:*

"The said party of the first part does hereby let and lease to said party of the second part his two largest pontoons, now located at Sailors' Encampment, in Sault Ste. Marie river, together with the necessary chains, toggles, and toggle-blocks for the same, for the sum of one hundred twenty-five dollars per day from the time when the same are taken up to the time they are returned, as hereinafter provided. Said first party also agrees to allow said Hall to take the chain for the same at any time after the signing and delivery of this contract, the charge for the use of said pontoons covering the use of said chains: *Provided*, that, if the second party does not use the said pontoons, then said second party is to pay said first party the sum of three-quarters of a cent per pound per month for the use of said chain from the time taken until the same is returned. Said second party agrees to hire the said pon-

toons, chains, and apparatus aforesaid, and to pay said party of the first part for the use of the same as above provided.

"It is further agreed between the parties hereto that, should the said pontoons be in any way damaged by the said party of the second part, or his officers or agents, or by other persons while the same are in his custody and control, that he is to cause the said pontoons to be fully repaired, and placed in as good condition as they were at the time they were taken by him; no charge, however, to be made for the ordinary wear and tear occasioned by their proper use. Should the said pontoons be returned in a damaged condition, said second party shall have the right to use the same for such reasonable time as may be necessary to make the proper repairs; no charge to be made for the use of said pontoons during such time. It is further agreed between the parties hereto that, should the said pontoons become lost or totally destroyed while in possession of said party of the second part, that he will pay to the said party of the first part the sum of eight thousand dollars, such amount to be payable within a reasonable time after their loss, said amount being hereby fixed as the stipulated value for said pontoons.

"It is further agreed that, when the chains and toggles and toggle-blocks are taken by the said party of the second part, that they are to be weighed or measured by the parties hereto, or other persons whom they may designate, so that a correct account of the same may be kept between the parties. It is further agreed that, when the said party of the second part desires to move said pontoons, he shall give notice to the said party of the first part, so as to enable him or his representatives to make a survey of their condition, so that such condition may be fully determined and agreed upon before the same are taken. It is further agreed between the parties hereto that, when the said party of the second part is to return the said chains, toggles, pontoons, etc., he shall return them to the place or places from whence they were taken by him, unless otherwise agreed to between the parties.

"It is also agreed between the parties that the same rule in relation to loss of chains and other apparatus of any kind connected therewith, or taken by said party of the second part, shall apply as in the case of the said pontoons; said second party agreeing, in case of their loss or damage, to replace the same, or pay the said first party the value thereof.

"All of said property shall be returned by the said party of the second part on or before the 1st day of December, A. D. 1898.

"In witness whereof the said parties hereto have set their hands the day and year first above written.

[Signed]    "HENRY MCMORRAN.
            "EDMUND HALL."

The cause was tried without a jury, and findings of fact and law were filed. The court construed the contract in accordance with the plaintiff's contention, and rendered a judgment for $4,922.80, and defendant has brought error.

It is contended upon his behalf that the proper construction to be given this contract is that the provision that the rental should be paid up to the time when the articles should be returned is qualified by the agreement that all of said property should be returned on or before the 1st day of December, 1898, and that after that time no rent would accrue, but only damages for the failure to return. There is some force in this contention, but we are of the opinion that the clear intent of the parties was that the rental price fixed should be paid until the property should be returned. As all of the other questions discussed in appellant's brief depend upon a different construction of the contract, it is unnecessary to consider them

The judgment is affirmed.

The other Justices concurred.